UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Robert Banks

    v.                                    Civil No. 10-cv-269-JL

Mark Hall *et al.*

### SUMMARY ORDER

Plaintiff Robert Banks has sued six different troopers of the New Hampshire State Police, claiming that, when they arrested him following a high-speed car chase, they subjected him to excessive force in violation of the Fourth Amendment, as well as common-law battery and intentional infliction of emotional distress.[1]  After Banks exited his vehicle at the end of the chase, he was bitten by a police dog, "Tasered," and, he says, kicked by the troopers.  The defendants have moved for summary judgment, see Fed. R. Civ. P. 56, on all of Banks's claims.  This court has subject-matter jurisdiction under 28 U.S.C. §§ 1332 (federal question) and 1367 (supplemental jurisdiction), and heard oral argument on the troopers' motion on August 8, 2012.

There is a stark factual dispute at the core of this case: Banks has testified that at the conclusion of the police chase, he immediately exited his vehicle with his hands in the air and

---

[1]Banks also sued the troopers under N.H. Rev. Stat. § 466:19, which imposes liability on the owner, keeper, or possessor of a dog for damages it causes, but, at oral argument, conceded that summary judgment for the defendants was appropriate on this claim.

lay face-down on the ground with his hands behind his back, while one or more of the defendants have testified that Banks ran from his vehicle and, after being taken to the ground by the dog, continued to struggle with the officers as they attempted to handcuff him.  Nevertheless, the troopers have moved for summary judgment, arguing principally that (1) Banks has no competent evidence that certain troopers personally subjected him to any actionable force, and (2) while the other troopers have admitted to employing force against Banks in the form of the dog and the Tasers, they are entitled to qualified immunity.  The court will briefly address these two arguments in reverse order.

Qualified immunity.  Two of the defendants, Troopers Lima and Cedrone, acknowledge using Tasers on Banks, while another defendant, Trooper Hall, acknowledges loosing the police dog on him.  They do not argue that a reasonable officer in their position would have believed these actions were constitutionally permissible if, as Banks has testified, he had just immediately exited his car with his hands in the air and lay face down with his hands behind his back.  Instead, they argue that, even if that is what Banks in fact did, the defendants mistakenly perceived him to have been running from his vehicle--a mistake which they attribute to the fact that the encounter occurred at night in a poorly lit area.  If they reasonably believed Banks

was trying to flee, the defendants explain, then they also
reasonably believed it was appropriate to use the dog and the
Tasers in apprehending him.

The problem with this theory is that a rational finder of
fact could conclude, in light of Banks's testimony that he
immediately prostrated himself upon exiting his vehicle, that it
was unreasonable for the defendants to believe that Banks was
actually fleeing instead.  If it was unreasonable for the
defendants to believe that Banks was fleeing, or doing anything
else to justify using the dog and the Tasers against him, it
follows that it was unreasonable for them to believe that using
the dog and the Tasers was permissible.  Accordingly, the dispute
of fact at the center of this case--what Banks did when he exited
the vehicle--precludes summary judgment for the defendants on the
basis of their qualified immunity defense.

Personal involvement in use of force.  Troopers Campo,
Ditolla, and Lavoie have testified that they did not personally
apply any force to Banks.  Campo and Ditolla say they handcuffed
Banks, which he has not claimed was excessive under the
circumstances, while Lavoie says that he did not even come into
physical contact with Banks during the arrest.  Banks has
testified that, while he was kicked during his arrest, he cannot
identify the particular trooper who kicked him.  Thus, Troopers

Campo, Ditolla, and Lavoie argue, they are entitled to summary judgment on all of the claims against them, since Banks has presented no evidence that they personally used any force against him, by kicking him or otherwise.

Banks argues that, despite this gap in his proof, he can hold Campo, Ditolla, and Lavoie liable for excessive force because they failed to intervene to prevent the troopers who kicked him--whoever they were--from doing so.  "[A]n officer who is present at the scene of an arrest and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance, provided that he had a realistic opportunity to prevent the other officer's actions."  Martinez v. Colon, 54 F.3d 980, 985 (1st Cir. 1995) (quotation marks and bracketing omitted).  Here, viewing the record in the light most favorable to Banks and drawing all reasonable inferences in his favor, his arrest lasted 10 minutes and provided all of the troopers at the scene with ample opportunity to prevent those among them--again, whoever they were--from kicking Banks (and, even though all of the troopers have denied striking Banks, a rational trier of fact could find that at least one trooper did, based on Banks's testimony that he was kicked).  Banks's inability to identify a

4

trooper who personally kicked him, then, does not entitle any of the troopers to summary judgment.

State-law claims.  The defendants also move for summary judgment on Banks's state-law claims for battery and intentional infliction of emotional distress.  As discussed at oral argument, by virtue of a New Hampshire statute conferring immunity on police officers for damages caused by police dogs, Hall is entitled to summary judgment on the battery claim against him insofar as that claim arises out of his use of the dog.  See N.H. Rev. Stat. Ann. § 508:18-a.  The defendants are also entitled to summary judgment on Banks's claim for intentional infliction of emotional distress because, even if the defendants' conduct amounted to excessive force, no rational factfinder could deem it "atrocious, and utterly intolerable in a civilized society." Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 728 (2009); see also Thompson v. Williamson County, Tenn., 965 F. Supp. 1026, 1038 (M.D. Tenn. 1997), aff'd, 219 F.3d 555 (6th Cir. 2000).

For the foregoing reasons, the defendants' motions for summary judgment (document nos. 25-30) are GRANTED as to Banks's claims for violation of the dog bite statute and intentional infliction of emotional distress, as well as his battery claim against Hall insofar as it arises out of his use of the police dog, but are otherwise DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 9, 2012

cc:  Scott F. Gleason, Esq.
     Thomas J. Gleason, Esq.
     Kevin H. O'Neill, Esq.
     Mary Ann Dempsey, Esq.
     John C. Vinson, Esq.